# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DINO HARRINGTON,<br><br>    Defendant. | No. 18-CR-28 LRR<br><br>**ORDER SCHEDULING<br>PLEA HEARING** |

Pursuant to defendant's filing of a notice of intent to plead guilty at Doc. 13, a guilty plea hearing is hereby scheduled before the undersigned for **Monday, May 14, 2018, at 10:30 a.m.;** United States Courthouse, Courtroom 3, 111 7th Avenue SE, Cedar Rapids, Iowa.

The parties are reminded to fully comply with Judge Williams' Standing Order Regarding Guilty Pleas issued May 12, 2017, a copy of which is attached to this Order. If any party objects to the entry of a guilty plea before a United States Magistrate Judge, the party is directed to notify the court immediately of the objection.

Defendant's counsel shall file (as soon as possible and prior to the date of the plea hearing) the "Notice Regarding Entry of a Plea of Guilty and Consent To Proceed Before a Magistrate Judge."[1]

---

[1] This form can be found at two locations on the Court's web page: www.iand.uscourts.gov, ((1) Clerk of Court, Forms, Criminal Forms, G.1 Plea Documents, NoticeREguiltyPleaJudgeWilliams.pdf; (2) Judges' Information, Magistrate Williams, Standing Forms).

The time from the date of this Order to the date of the plea hearing is excluded from the time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1). *See United States v. Mallett*, 751 F.3d 907 (8th Cir. 2014) (holding that "a party's submission—whether express or implied, formal or informal—. . . to set a change of plea hearing" suspends the speedy trial clock) (internal quotations and citations omitted).

The status conference scheduled for May 10, 2018, is **cancelled for this defendant only.**

**IT IS SO ORDERED** this 8th day of May, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

IN THE MATTER OF

GUILTY PLEAS BEFORE

UNITED STATES CHIEF
MAGISTRATE JUDGE C.J.
WILLIAMS

**STANDING ORDER**
(Issued May 12, 2017)

_____

For cause, it is

**ORDERED** that the following procedures shall apply to guilty plea proceedings before Chief United States Magistrate Judge C.J. Williams:

1. The Court will not schedule a change of plea hearing before Magistrate Judge Williams unless the party seeking to schedule the hearing represents that (a) defendant has consented to having a magistrate judge preside over the hearing, and (b) any plea agreement between the parties has been fully executed by both the defendant and the government.

2. A lawyer representing a defendant at a guilty plea proceeding will not be permitted to use the time scheduled for the taking of the guilty plea to prepare the defendant for the taking of the guilty plea. The preparations for a guilty plea hearing are to be completed as soon as practicable, but not later than the day before the guilty plea. This requirement applies in all cases, including cases involving interpreters.

3. By 5:00 p.m. of the last business day before the change of plea hearing is to occur, the defendant should file with the court a written consent to proceed before a magistrate judge. This form can be located at two separate areas of the Northern District of Iowa web page: www.iand.uscourts.gov, ((1) Clerk of Court, Forms, Criminal Forms, G.1 Plea Documents, NoticeREguiltyPleaJudgeWilliams.pdf; (2) Judges' Information, Magistrate Williams, Standing Forms).

4. By 5:00 p.m. of the last business day before the change of plea hearing is to occur, the government should provide the Court and opposing counsel, by email, a copy of the written plea agreement (where there is one). The plea agreement will be addressed at the plea hearing regarding whether it will be filed as an exhibit and/or whether it will be sealed.

5. By 5:00 p.m. of the last business day before the change of plea hearing is to occur, the government should provide the Court and opposing counsel, by email, the so-called Rule 11 letter. When setting forth the elements of the offense in the Rule 11 letter, reference should be made to the source upon which the government is relying to establish the elements of the offense. When possible, the government should rely on the Eighth Circuit Pattern Criminal Jury Instructions. The Rule 11 letter should also identify all collateral consequences resulting from a guilty plea, including whether defendant: (a) is waiving appeal rights; (b) may be subject to deportation or other immigration consequences; (c) may have to pay restitution; (d) will have to register as a sex offender; and (e) will be forfeiting property. If the government is seeking forfeiture of property as a result of the guilty plea, the Rule 11 letter should set forth the factual nexus between the crime(s) of conviction and the property the government seeks to forfeit. The Rule 11 letter should also inform the court whether any victims of the offense(s) wish to address the court at the hearing and whether any exceptional circumstances may exist for the court to determine the matter of defendant's detention pending sentencing. The Rule 11 letter does not need to include the statutory language of the offense(s) of conviction.

**IT IS SO ORDERED** this 12th day of May, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa